# EXHIBIT A

Filed: 8/11/2026 4:12 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 118494433
By: Lisa Kelly
8/11/2026 4:44 PM

CAUSE NO. 23-CV-1501

| | | |
|---|---|---|
| WEST FM 517, LTD.<br>*Plaintiff*, | §<br>§ | IN THE DISTRICT COURT |
| | § | |
| v. | §<br>§ | 405TH JUDICIAL DISTRICT |
| | § | |
| CITY OF LEAGUE CITY,<br>*Defendant*. | §<br>§<br>§ | GALVESTON COUNTY, TEXAS |

**PLAINTIFF WEST FM 517, LTD.'S FIRST AMENDED PETITION AND APPLICATION FOR INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff West FM 517, LTD. ("Plaintiff"), and files this, its First Amended Petition and Application for Injunction against Defendant City of League City (the "City") in the above-captioned matter, and respectfully shows the Court the following:

## I. DISCOVERY LEVEL

1. Plaintiff West FM 517, LTD. pleads that discovery should be conducted under a Level 2 discovery control plan pursuant to Tex. R. Civ. P. 190.3.

## II. PARTIES AND SERVICE

2. Plaintiff West FM 517, LTD. is a limited partnership organized and existing under the laws of the State of Texas. Plaintiff conducts business in Galveston County, Texas.

3. Defendant City of League City is a Texas municipality. The City has already appeared in this matter.

## III. JURISDICTION AND VENUE

4. The subject matter of this controversy is within the jurisdiction of this Court and the Court has personal jurisdiction over the Defendant.

5. Venue is proper in Galveston County, Texas, because the acts and/or omissions occurred in Galveston County, Texas and the City of League City is located in Galveston County. Venue is also proper under Texas Local Government Code Sec. 395.077(e) as League City is located in Galveston County.

## IV. RULE 47 STATEMENT

6. Plaintiff seeks damages within the court's jurisdictional limits in an amount over $1,000,000.00 in addition to non-monetary relief.

## V. BACKGROUND

7. Plaintiff West FM 517, LTD. is a residential developer that owns and develops real property in League City, Galveston County, Texas. Plaintiff's development requires municipal approvals, plats, permits, and related authorizations from the City. As a condition of moving forward with residential development, the City requires developers, including Plaintiff, to pay development-related charges and to satisfy dedication requirements imposed by City ordinance, policy, or practice. Those charges directly affect the economic feasibility, lot pricing, financing, timing, and marketability of Plaintiff's project.

8. On or about June 13, 2023, the League City City Council voted to adopt new impact fees. The adopted fees increased the City's impact-fee burden on residential development by approximately 93%, nearly doubling the prior charges

after only four years since the City's last adoption of impact fees in 2019. Because residential developments commonly include hundreds or thousands of lots, the increase imposes millions of dollars in additional development costs. Plaintiff contends that the City's adopted fees and related exactions exceed the costs reasonably attributable to Plaintiff's development, including reasonable construction, inflation, contingency, and financing costs, and are not tied to an individualized determination of the burden created by Plaintiff's project.

9. The present focus of this lawsuit is the City's separate "park fee" exaction. The City has charged, and continues to charge, Plaintiff $3,000.00 per lot as a park fee while also imposing a parkland dedication requirement of one acre per seventy-five lots. The City has not provided Plaintiff with an individualized engineer-approved determination showing that the combined park fee and parkland dedication are roughly proportionate to the actual park or recreational impact of Plaintiff's development. Nor has the City identified a cost study, nexus analysis, credit calculation, offset, individualized demand analysis, or project-specific finding demonstrating that Plaintiff's development creates park needs equal to both the required land dedication and the additional $3,000.00-per-lot charge.

10. The park fee operates as a condition of development approval. The fee is therefore not a voluntary payment or ordinary tax, but a monetary exaction imposed in exchange for governmental approval of development. The City's demand requires Plaintiff to surrender money and property interests for public recreational purposes without the constitutionally required showing that the demand bears an essential

nexus and rough proportionality to impacts specifically attributable to Plaintiff's development.

## VI. CAUSES OF ACTION

Plaintiff realleges the preceding paragraphs as if fully set forth in each of the causes of action alleged.

### *A. Violations of Tex. Loc. Gov't. Code*

11. Texas Local Government Code § 212.904(a) provides that when a municipality requires, as a condition of approval for a property development project, that a developer bear a portion of municipal infrastructure costs through dedications, fees, or construction costs, the developer's portion may not exceed the amount required for infrastructure improvements that are roughly proportionate to the proposed development, as approved by a Texas-licensed professional engineer retained by the municipality.

12. The City violated § 212.904 by requiring Plaintiff to pay park fees and dedicate parkland without first making the required project-specific, engineer-approved rough-proportionality determination. The City's formulaic $3,000.00-per-lot charge, when combined with the one-acre-per-seventy-five-lots dedication requirement, shifts public park acquisition and improvement costs to Plaintiff without demonstrating that those costs are attributable to Plaintiff's development. Plaintiff therefore seeks refund, withdrawal, and invalidation of the park-fee exaction, together with costs, and expert fees, as authorized by law.

### *B. Violations of Plaintiff's Substantive Due Process Rights*

13. The City's park-fee scheme violates Plaintiff's substantive due process rights because it imposes substantial development costs without a rational, lawful, and constitutionally adequate connection to the impacts of Plaintiff's project. The City has treated the park fee as a generalized revenue measure for public park purposes rather than as a calibrated condition tied to Plaintiff's actual development impact.

14. By failing to require both an essential nexus and rough proportionality between the park fee, the parkland dedication requirement, and Plaintiff's project-specific impacts, the City has imposed arbitrary and excessive conditions on Plaintiff's right to develop its property. Plaintiff seeks declaratory, injunctive, and monetary relief, including refund of unlawful park fees previously exacted.

### *C. Violations of Tex. Const. Art. I, § 17 and U.S. Constitution, amend. V/Improper Taking/Exaction*

15. The Texas Constitution states that "no person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made . . ." Tex. Const. Art. I, § 17. Likewise, the Fifth Amendment provides that private property may not be taken for public use without just compensation. U.S. Constitution, amend. V. In limited circumstances, a government may take property, even when there is not a physical invasion, by applying a regulation to the property that deprives it of value. As the Supreme Court held in *Nollan v. California Coastal Commission,* permit conditions must have an "essential nexus" to the government's land-use interest. *Nollan* 483 U.S. at837, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987). In *Dolan v. City of Tigard*, the second requirement for a governmental taking of private

property is that permit conditions must have a "rough proportionality" to the development's impact on the land-use interest. *Dolan*, 512 U.S. 374, 114 S.Ct. 2309, 129 L.Ed.2d 304 (1994). Both prongs of the tests formulated by the Supreme Court in Nollan and Dolan were later reaffirmed in *Sheetz v. County of El Dorado, California* 144 S.Ct. 893, 218 L.Ed.2d 224 (2024).

16. The City's park fee and dedication requirements are unconstitutional exactions and takings. They condition development approval on Plaintiff's surrender of money and property interests for public park purposes without an individualized showing that the demand is necessary to offset impacts caused by Plaintiff's development. The fact that the fee is imposed by ordinance or schedule does not exempt it from constitutional scrutiny. The City must demonstrate both an essential nexus to a legitimate land-use interest and rough proportionality between the amount demanded and the impact of Plaintiff's project. Because the City has not made that showing, the park fee takes and damages Plaintiff's property without just compensation in violation of the Texas and United States Constitutions. Plaintiff seeks declaratory, injunctive, and monetary relief, including refund of unlawful park fees previously exacted.

### *D. Claim for Declaratory Judgment – Park fees.*

17. Plaintiff seeks a judicial declaration of the following:

I. The City may not impose a park fee or parkland dedication condition unless the condition bears an essential nexus to a legitimate land-use impact attributable to Plaintiff's development.

II. The City may not require Plaintiff to pay park fees, dedicate parkland, or do both in an amount exceeding the costs roughly proportionate to Plaintiff's proposed development.

III. The City's $3,000.00-per-lot park fee, when combined with the one-acre-per-seventy-five-lots dedication requirement, fails the nexus and rough-proportionality standards required by Texas Local Government Code § 212.904 and constitutional exaction doctrine.

IV. The City's park fees are illegal and unconstitutional exactions that must be withdrawn, refunded, and enjoined unless and until the City satisfies the required nexus and rough-proportionality standards.

## VII. REQUEST FOR INJUNCTIVE RELIEF

18. Plaintiff incorporates and re-alleges in full the preceding paragraphs of this petition as if fully set forth herein.

**Application for Temporary and Permanent Injunction**

19. Plaintiff's application for injunctive relief is authorized by Section 65.011(5) of the Texas Civil Practices and Remedies Code.

20. Plaintiff seeks injunctive relief prohibiting the City from charging, collecting, conditioning approvals upon, or otherwise enforcing park fees against Plaintiff unless and until the City demonstrates, through a lawful project-specific analysis supported by a Texas-licensed professional engineer where required, that the fee and any related parkland dedication bear an essential nexus and rough proportionality to impacts caused by Plaintiff's development. Without injunctive relief, Plaintiff will continue to face unlawful development conditions, increased carrying costs, impaired project financing, delayed lot delivery, and the loss of money and property rights that cannot be adequately remedied by damages alone.

## VIII. CONDITIONS PRECEDENT

21. All conditions precedent to filing this lawsuit have occurred.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff West FM 517, LTD. respectfully requests that upon final hearing the Court enter judgment for Plaintiff and against Defendant awarding: (1) the declaratory relief requested herein; (2) refund and restitution of all unlawful and unconstitutional park fees imposed on Plaintiff, including amounts in excess of $2,000,000.00, together with pre- and post-judgment interest; (3) temporary and permanent injunctive relief prohibiting the City from charging, collecting, or enforcing unlawful park fees against Plaintiff; (4) applicable costs, and expert witness fees; and (5) all other relief, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**ROBERTS MARKEL WEINBERG BUTLER HAILEY PC**

______________________________

**JEFFREY D. ROBERTS**
TBA No. 17008800
jroberts@rmwbh.com
**ELISSA J. BALLEW**
TBA: 24075503
eballew@rmwbh.com
2800 Post Oak Blvd., 57th Floor
Houston, TX 77056
(713) 840-1666
(800) 713-4625
**ATTORNEYS FOR PLAINTIFF WEST FM 517, LTD**

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to Tex. R. Civ. P. 21a, a true and correct copy of the foregoing instrument was served upon the parties listed below by fax, delivery service, messenger, mail, and/or through the serving party's electronic filing service provider, on August 11, 2026.

***Via E-Serve:***
Lowell F. Denton
lfdenton@rampagelaw.com
Ricardo J. Navarro
rjnavarro@rampage-rgv.com
Kelly R. Albin
kralbin@rampagelaw.com
Mark A. Bricker
mabricker@rampagelaw.com
DENTON NAVARRO ROCHA BERNAL & ZECH, P.C.
2517 N. Main Avenue
San Antonio, Texas 78212
**ATTORNEYS FOR DEFENDANT**

**ELISSA J. BALLEW**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Thania Prudencio on behalf of Elissa Ballew
Bar No. 24075503
Tprudencio@rmwbh.com
Envelope ID: 118494433
Filing Code Description: Amended Petition
Filing Description: Pltf West FM 517. LTD.'s First Amended Petition and Application for Injunction
Status as of 8/11/2026 4:45 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey D.Roberts | | jroberts@rmwbh.com | 8/11/2026 4:12:17 PM | SENT |
| Kelly Albin | 24086079 | kralbin@rampagelaw.com | 8/11/2026 4:12:17 PM | SENT |
| Ricardo Navarro | 14829100 | rjnavarro@rampagelaw.com | 8/11/2026 4:12:17 PM | SENT |
| Stefanie Martinez | | smartinez@rmwbh.com | 8/11/2026 4:12:17 PM | SENT |
| Elissa Ballew | | eballew@rmwbh.com | 8/11/2026 4:12:17 PM | SENT |
| Gina G.Williams | | ggwilliams@rampagelaw.com | 8/11/2026 4:12:17 PM | SENT |
| Thania Prudencio | | tprudencio@rmwbh.com | 8/11/2026 4:12:17 PM | SENT |
| Mark A.Bricker | | mabricker@rampagelaw.com | 8/11/2026 4:12:17 PM | SENT |